

# Fourth Court of Appeals
## San Antonio, Texas

November 6, 2014

No. 04-12-00630-CV

**THE HUFF ENERGY FUND, L.P.**, WRH Energy Partners, L.L.C., William R."Bill" Huff,
Rick D'Angelo, Ed Dartley, Bryan Bloom, and Riley-Huff Energy Group, LLC,
Appellants

v.

**LONGVIEW ENERGY COMPANY**,
Appellee

From the 365th Judicial District Court, Zavala County, Texas
Trial Court No. 11-09-12583-ZCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

## O R D E R

Sitting: Sandee Bryan Marion, Justice
    Marialyn P. Barnard, Justice
    Luz Elena D. Chapa, Justice

The clerk's record in this appeal was filed August 8, 2013.  On September 30, 2014, appellants filed an unopposed motion asking this court to order the district clerk to file a supplemental clerk's record.  In the motion, appellants contend that they and appellee filed requests for supplemental records with the district clerk's office months ago, but the requested supplemental records were never filed despite numerous telephone calls and assurances from the district clerk that the requested supplemental records would be filed.

We granted appellants' unopposed motion and ordered the District Clerk of Zavala County to file a supplemental clerk's record in accordance with Appellants' "Third Request for Supplemental Matters to be Included in the Clerk's Record," which was filed December 2, 2013, and with appellee's April 7, 2014 letter request.  We ordered the district clerk to file the supplemental record containing the specified documents in this court on or before October 13, 2014.

Despite appellants' numerous requests and this court's October 3, 2014 order, the District Clerk of Zavala County failed to file the supplemental clerk's record.  The clerk's office of this court placed numerous telephone calls to the district clerk, who continually promised the record

would be filed. As of the date of this order, no record was filed. Accordingly, another telephone call was placed to the district clerk on the same date of this order. The district clerk was advised that if neither the record nor a notification of late record was filed today, the court would consider issuing a show cause order with a possibility of contempt. In response, the district clerk filed a notification of late record, stating her "other duties or activities preclude working on the record and include the following . . . OVERSIGHT ON MY OFFICE; UNABLE TO LOCATE FIVE (5) PLEADINGS BEING REQUESTED WITHIN FOUR (4) DIFFERENT SUPPLEMENTS." The district clerk also requested permission to file the supplemental clerk's record in "paper form due to problems uploading through portal." The district clerk concluded by stating she anticipates the record will be complete by November 10, 2014.

Based on the foregoing, we **GRANT** the district clerk's request for additional time to file the record. We further **GRANT** the district clerk's request to file the specified supplemental clerk's record in paper form as opposed to e-filing. We **ORDER** the district clerk, as we did before, to file a supplemental clerk's record in accordance with Appellants' "Third Request for Supplemental Matters to be Included in the Clerk's Record," which was filed December 2, 2013, and with appellee's April 7, 2014 letter request. We further **ORDER** the district clerk to file the specified supplement **on or before November 10, 2014**. The district clerk is advised that **NO FURTHER EXTENSIONS OF TIME TO FILE THE RECORD WILL BE GRANTED. The District Clerk of Zavala County, Rachel P. Ramirez, is advised that if the record is not filed by November 10, 2014, we may order her to appear and show cause why she should not be held in contempt.**

The district clerk is further advised that if she is unable to locate any of the documents requested by the parties to be included in the supplemental record, she is **ORDERED** to contact the attorneys for the parties and advise them of same. The parties should then attempt to agree on copies of the documents so that they can be provided to the district clerk for timely inclusion in the supplemental clerk's record.

We further **order** the clerk of this court to serve this order on **the district clerk of Zavala County, Rachel P. Ramirez,** by certified mail, return receipt requested, and by first class United States mail. Because "[t]he trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed," TEX. R. APP. P. 35.3(c), we also **order** the clerk of this court to serve a copy of this order on the trial court.

We **order** the clerk of this court to serve a copy of this order on all counsel and the District Clerk of Zavala County.

It is so **ORDERED** on November 6, 2014.

PER CURIAM

ATTESTED TO: _____

Keith E. Hottle
Clerk of Court